IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MIKKI BAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:16-03465-CV-RK |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL, ACTING | ) | |
| COMMISSIONER OF SSA; | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED in part** and **REMANDED** for further proceedings.

**Standard of Review**

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *KKC v. Colvin*, 818 F.3d 364, 374 (8th Cir. 2016) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [Commissioner's] conclusion." *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the ALJ's [Administrative Law Judge] decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (quoting *Perkins v. Asture*, 648 F.3d 892, 897 (8th Cir. 2011)). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not re-weigh the evidence presented to the ALJ. *Reece v. Colvin*, 834

F.3d 904, 908 (8th Cir. 2016). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quotation and citation omitted).

**Discussion**

By way of overview, the ALJ determined the Plaintiff suffers from the following severe impairments: cardiomyopathy, atrial flutter, status post cardia ablation, history of congestive heart failure, severe tricuspid regurgitation, obesity, bipolar disorder with psychotic features, and social anxiety. However, the ALJ found that none of the Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite the ALJ's limitations, the Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work with limitations. Although the ALJ found the Plaintiff was unable to perform any past relevant work, the ALJ found the Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy the Plaintiff can perform.

On appeal, Plaintiff makes the following arguments in support of reversal of the ALJ's decision: (1) whether the ALJ's evaluation of the medical opinions was proper, and (2) whether the ALJ properly evaluated Plaintiff's credibility.

The ALJ erred by omitting marked limitation opinions from medical sources without explaining why those opinions were not adopted. The Plaintiff was treated by Dr. Heslin, Ms. Lazzari, and Mr. Stephenson at Burrell Behavioral Health. While the ALJ properly discounted Dr. Heslin, Ms. Lazzari, and Mr. Stephenson's opinions of extreme limitations, the ALJ omitted the opinions' marked 'limitations' from the RFC without explanation. An ALJ is required to weigh all medical source opinions and "always give good reasons for the weight given to a treating source's opinion." SSR 96-2p, 1996 WL 374188 at *5 (Soc. Sec. Admin. July 2, 1996). Further, an ALJ must explain why an opinion from a medical source was not adopted. SSR 96-8p, 1996 WL 374184 at *7 (Soc. Sec. Admin. July 2, 1996) ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). *See Trotter v. Colvin*, 2015 WL 5785548, at *3 (W.D. Mo. Oct. 2, 2015) (remand was required when the ALJ gave the opinion weight but did not provide any explanation for omitting portions of the

2

opinion); *White v. Astrue*, 2012 WL 930840, at *7 (W.D. Mo. March 19, 2012) (the ALJ erred when the ALJ gave weight to the doctor's opinion but did not include the doctor's limitations in the RFC or explain the omission); *Woods v. Astrue,* 780 F. Supp. 2d 904, 913-15 (E.D. Mo. Jan. 26, 2011) (remand was required when the ALJ provided weight to the treating physician's opinion, but disregarded the physician's limitations without explanation). Accordingly, the record does not reflect substantial evidence supporting the ALJ's evaluation of the medical opinions and the corresponding omission of the marked limitations without explanation.

Turning to Plaintiff's last argument, the Court finds that substantial evidence supports the ALJ's assessment that Plaintiff's subjective complaints were not fully credible.[1] *See Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) ("[A] court will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence."). Plaintiff argues the ALJ failed to discount the Plaintiff's credibility utilizing all *Polaski* factors. However, the ALJ is not required to discuss each factor used in determining credibility. *See Strongson v. Barnhart,* 361 F.3d 1066, 1072 (8th Cir. 2004) (the "ALJ, in determining a claimant's credibility in a social security disability benefits case, need not explicitly discuss each *Polaski* factor; it is sufficient if he acknowledges and considers those factors before discounting the claimant's complaints"); *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) ("[w]e defer to the ALJ's evaluation of [a claimant's] credibility, provided that such determination is 'supported by good reasons and substantial evidence, even if every factor is not discussed in depth.'") (quoting *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006)). Accordingly, substantial evidence supports the ALJ's credibility determination.

On remand, the ALJ should reevaluate the medical opinions of Dr. Heslin, Ms. Lazzari, and Mr. Stephenson. If the ALJ determines that the marked limitations should be disregarded, the ALJ should provide specific, reasoned explanations for that decision.

---

[1] *See Ponder v. Colvin*, 770 F.3d 1190, 1195-96 (8th Cir. 2014) (substantial evidence supports the ALJ in finding the claimant was not disabled where the claimant was not restricted in daily activities including: laundry, light housework, cooking meals, and grocery shopping); *Davis* 239 F.3d at 967) (subjective complaints of pain may be discredited by performance of daily activities that are inconsistent with such complaints); *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) ("[i]f an impairment can be controlled by treatment or medication, it cannot be considered disabling"); *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001) (a plaintiff's noncompliance with medical treatment is a proper factor to be considered in a credibility analysis).

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court **AFFIRMS in part** the Commissioner's decision and **REMANDS** for further proceedings.

**IT IS SO ORDERED**.

                                             s/ Roseann A. Ketchmark
                                             ROSEANN A. KETCHMARK, JUDGE
                                             UNITED STATES DISTRICT COURT

DATED: January 26, 2018